SUMMARY ORDER

Bonnie Vent (“Vent”) appeals from a final judgment by the United States District Court for the Southern District of New York (Robinson, J.) dismissing her complaint against Mars Snackfood (“Mars”). We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual allegations in the complaint as true and drawing all inferences in the plaintiffs favor. Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir.2008). The parties have stipulated that New Jersey law applies to these claims. Vent v. Mars Snackfood US, LLC, 611 F.Supp.2d 333, 336 (S.D.N.Y.2009). Under New Jersey law, a misappropriation of an idea claim is successful only when a plaintiff establishes: “(1) the idea was novel; (2) it was made in confidence; and (3) it was adopted and made use of.” Flemming v. Ronson, 107 N.J.Super. 311, 317, 258 A.2d 153, 157 (S.C.N.J.1969). Vent’s claim for misappropriation of her idea fails because she cannot establish that she delivered her advertising pitch in confidence.
Vent’s amended complaint states that the idea “was made by Plaintiff to Defendants in confidence” for there was a “confidential or fiduciary relationship [that] existed between the parties, because the parties did not deal on equal terms.” Vent must rely on an implied relationship — -Vent did not have any discussion with the Mars representative about confi *535 dentiality, nor was there any written agreement. There is no direct evidence of a confidential relationship between Mars and Vent.
In the absence of an explicit confidentiality agreement, Vent must demonstrate that a confidential or fiduciary relationship existed between herself and Mars, such that the information she provided was assumed to be confidential. Under New Jersey law, a confidential or fiduciary relationship is created when the dominant position of one of the parties “make[s] it certain that the parties do not deal on equal terms.” Alexander v. CIGNA Corp., 991 F.Supp. 427, 437 (D.N.J.1998). Though there is arguably a power differential frequently in business transactions, “fiduciary duties are not imposed in ordinary commercial business transactions.” Id. at 438. One party must be in a position to take advantage of the other person because of that person’s “susceptibility or vulnerability.” Id. New Jersey courts have interpreted this standard to require evidence of domination or control of one party by the other. See, e.g., Shogen v. Global Aggressive Growth Fund, Ltd., No. 04-5695(SRC), 2007 WL 1237829, at *17 (D.N.J. Apr.26, 2007). It is hard to argue that Vent was susceptible and vulnerable when she made an unsolicited call to the Mars representative. Vent and Mars were dealing at arms-length, as part of a business transaction. This was not the typical situation in which the law assumes a fiduciary relationship. Mars was not “under a duty to act for or to give advice for the benefit of [Vent] upon matters within the scope of the relation.” Restatement (Second) of Torts § 874, Comment a; see also McKelvey v. Pierce, 173 N.J. 26, 800 A.2d 840, 859 (2002). Mars argues and the district court noted, if Vent’s proposed standard is sufficient to find a confidential or fiduciary relationship, it will subsume nearly all business transactions.
Fiduciary or confidential relationships also require both parties’ agreement. Glaziers and Glassworkers Union Local No. 252 Annuity Fund v. Newbridge, 93 F.3d 1171, 1183 (3d Cir.1996). A fiduciary relationship cannot be created unilaterally when one person entrusts another with confidential information. United States v. Chestman, 947 F.2d 551, 567 (2d Cir.1991). Simply telling someone information that one party views as confidential is not enough to create a fiduciary relationship without some assent by the other party.
Vent then turns to industry custom, arguing that in the “entertainment and marketing industries,” there is a custom of confidentiality when one person presents a pitch to another. However, as Mars notes, Mars is not in the entertainment or marketing industries. This argument is also suspect because such allegations were not contained in the amended complaint, and instead brought up for the first time at oral argument before the district court. Vent, 611 F.Supp.2d at 341. Even if we consider the argument, however, it seems unreasonable to assume that Mars would understand entertainment industry custom without being in the industry itself. While some industries have developed working assumptions of confidentiality when ideas are exchanged, see, e.g., Nadel v. Play-By-Play Toys & Novelties, Inc., 208 F.3d 368, 371-72 (2d Cir.2000), it seems unreasonable to expect a company outside of such an industry to both recognize and agree to the standards within that other industry. Having such a requirement would reduce the incentives for purveyors of ideas to take reasonable steps to maintain the secrecy of their ideas.
The district court was correct when it concluded that Vent did not present her pitch to Mars in confidence.
*536 We have considered the remaining arguments and find them to be without merit.
For the foregoing reasons, the judgment of the district court is AFFIRMED.